1  Shaye Mann, Bar #021916
   LAW OFFICES OF SHAYE MANN, PLLC
2  1212 E. Osborn Road, Suite 111
   Phoenix, Arizona  85014
3  Telephone:  (602) 682 - 5540
   Fax:  (602) 682 - 5553
4  Shaye@Mannazlaw.com

5  *Attorney for Plaintiff E Image Agency, L.L.C.*

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF ARIZONA**

9  E IMAGE AGENCY, L.L.C., an Arizona          NO.
   Limited Liability,

10                                   Plaintiff,   **COMPLAINT FOR:**

11         v.                                      1) Breach of Contract;
                                                   2) Breach of Contract;
12  HYPER SPORTS, L.L.C., a Georgia Limited       3) Breach of Covenant of Good
    Liability Corporation doing business as          Faith and Fair Dealing;
13  PATRICK DEMPSEY RACING; EL GRADO            4) Fraud;
    SPIRITS, L.L.C., a Texas Limited Liability   5) Negligent Misrepresentations;
14  Corporation.                                  6) Intentional Misrepresentations;
                                                   7) Conspiracy to Defraud;
15                                  Defendants.    8) Intentional Interference with
                                                      Contract;
16                                                 9) Intentional Interference with
                                                      Prospective Business Relations;
17                                                    and
                                                   10) Unjust Enrichment;
18

19
                                                   (Jury Trial Requested)
20

21         For its Complaint against Defendants, Plaintiff E Image Agency, L.L.C.

22  ("Plaintiff") complains and alleges as follows:

23         1.    Plaintiff is, and was at all relevant times herein, a Limited Liability

24  Corporation duly organized and existing under the laws of the State of Arizona, and with

25  its principal place of business in the State of Arizona.

26

27

28

2.      On information and belief, Defendant Hyper Sport dba Patrick Dempsey Racing ("Dempsey Racing"), is an entity whose precise form is unknown, but has its principal place of business in Norcross, Georgia.

3.      On information and belief, El Grado Spirits, L.L.C. ("El Grado") is and was at all relevant times herein, a Texas Corporation, with its principal place of business in Corpus Christi, Texas.

4.      This is a civil action involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between the citizens of different states and thus, jurisdiction and venue are proper in this Court.

**GENERAL ALLEGATIONS**

5.      Plaintiff is engaged in the business of providing marketing, web design, and internet solutions.

6.      In or about October of 2008, Plaintiff learned that actor Patrick Dempsey was seeking sponsors for his auto racing venture, commonly known and referred to as Dempsey Racing.

7.      At the time, Tim Ralston, Plaintiff's President, flew to Daytona, Florida to meet with Patrick Dempsey and his racing partner, Joe Foster, to discuss sponsorship opportunities and determine their needs. Therein, it was expressed that Dempsey enjoyed the beverage of tequila.

8.      At the request of the Dempsey Racing Team, Plaintiff actively sought potential sponsors, and approached El Grado to determine if they were interested.

9.      Being a relatively new brand of tequila, El Grado expressed significant interest, as Patrick Dempsey was a big name they sought to attach to, to help them launch their Tequila.

10.     In exchange for their efforts in brokering and putting together the sponsorship deal between El Grado and Dempsey Racing, El Grado represented that they would pay Plaintiff the following:

i)      A per case royalty payment based on the following schedule:

1                     1)      $3.00 for the first 500,000 cases sold;

2                     2)      $2.25 for the second 500,000 cases sold;

3                     3)      $1.50 for each case sold after the 1,000,000th case.

4          ii)     A lump sum payment in the amount of $3,000,000 or 3%, whichever

5 is greater, upon the sale of El Grado.

6          iii)    A monthly retainer of $4,000 for six (6) months from the contract

7 date, followed by a monthly retainer of $2,000 for the life of the contract, to establish and

8 maintain El Grado's web presence and online marketing and viral campaigns.

9          11.    El Grado further represented, among others, that their agreement with

10 Plaintiff would have an initial term through the year 2011, with annual renewal rights.

11 Royalties will be payable on a quarterly basis beginning with the initial case sold.

12         12.    Pursuant to their agreement with El Grado, Plaintiff would be the

13 sole entity to activate races and to market and promote El Grado's sponsorship of

14 Dempsey Racing.

15         13.    In exchange for their efforts in brokering and putting together the

16 sponsorship deal between El Grado and Dempsey Racing, Dempsey Racing agreed to pay

17 Plaintiff the following:

18          a)    12% of the per case royalties that Dempsey Racing earned via

19 its sponsorship agreement with El Grado;

20          b)    12% of any money Plaintiff raised for Dempsey Racing,

21 including the money Dempsey Racing made from the sponsorship agreement with El

22 Grado.

23         14.    Over the course of the next six months, and based on their

24 agreements with El Grado and Dempsey Racing, as set forth above, Plaintiff directed

25 virtually all their resources to brokering a sponsorship deal between El Grado and

26 Dempsey Racing.

27         15.    In reliance on the representations made by El Grado and Dempsey

28 Racing, Plaintiff performed, among others, the following services: created a racing

sponsorship website and updated it on a regular basis, created graphics for the parties to market their products, created marketing concepts, activated races and handled the planning and execution of events, created and issued press releases, handled logistics for events, improved El Grado's website, created a Dempsey Racing and El Grado social network, and assisted in raising money for El Grado and Dempsey Racing.

16.     In or about May of 2009, and despite their agreement with Plaintiff that Plaintiff would be the sole marketing and promotional agency for the sponsorship agreement, El Grado brought several other marketing and advertising firms to a race held at Laguna Seca, in Salinas, California. El Grado did so in an effort to introduce Dempsey Racing to other marketing agencies, and for the purpose of excluding Plaintiff from the sponsorship agreement.

17.     El Grado and Dempsey Racing utilized Plaintiff's significant efforts on their behalf and then refused to honor their agreements with Plaintiff.

18.     To date, Dempsey Racing, while continuing their sponsorship relationship with El Grado, has made Plaintiff two (2) payments totaling less than $20,000.

19.     Despite their representations and agreement to pay Plaintiff, as set forth herein, El Grado has failed honor their agreement with Plaintiff.

**FIRST CAUSE OF ACTION**

(Breach of Contract against El Grado)

20.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-19, as if fully set forth herein.

21.     Plaintiff brokered and put together the sponsorship agreement between El Grado and Dempsey Racing, as set forth herein.

22.     In exchange for, among others, brokering the sponsorship agreement between El Grado and Dempsey Racing, Plaintiff and El Grado entered into a contract that contained the following pertinent terms:

4

a)      El Grado would pay Plaintiff a per case royalty payment based on the following schedule:

1)      $3.00 for the first 500,000 cases sold;

2)      $2.25 for the second 500,000 cases sold;

3)      $1.50 for each case sold after the 1,000,000th case.

b)      The agreement would have an initial term through the year 2011, with annual renewal rights;

c)      Royalties will be payable on a quarterly basis beginning with the initial case sold;

d)      El Grado would pay Plaintiff a lump sum payment in the amount of $3,000,000 or 3%, whichever is greater, upon the sale of El Grado.

e)      El Grado would pay Plaintiff a monthly retainer of $4,000 for six (6) months from the contract date, followed by a monthly retainer of $2,000 for the life of the contract, to establish and maintain El Grado's web presence and online marketing and viral campaigns.

23.     However, after entering into the agreement with Plaintiff, and utilizing Plaintiff's services as set forth herein, El Grado has breached the contract by failing to satisfy any of the terms listed above.

24.     El Grado further breached the contract by bringing other marketing and promotional agencies to the race at Laguna Seca, despite their agreement that Plaintiff would be the sole marketing and promotional agency for the sponsorship agreement with Dempsey Racing. El Grado did so in an effort to introduce Dempsey Racing to other marketing agencies, and for the purpose of excluding Plaintiff from the sponsorship agreement.

25.     Plaintiff has performed all the applicable terms and conditions of their contract, and remained ready and willing to perform any additional terms required under the agreement.

26.     As a result of El Grado's breach of contract, Plaintiff has sustained damages in an amount to be determined at trial.

27.     As a further result of El Grado's breach, Plaintiff is entitled to recover its costs and attorneys fees incurred in commencing this action.

WHEREFORE, Plaintiff prays for judgment against El Grado, as follows:

        A.     For damages in an amount to be determined at trial;

        B.     For reasonable attorneys' fees incurred herein;

        C.     For costs incurred herein;

        D.     For interest on the taxable costs and attorneys' fees at the maximum rate allowed by law until paid; and

        E.     For such other and further relief as the Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION

### (Breach of Contract against Dempsey Racing)

28.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-27, as if fully set forth herein.

29.     Plaintiff brokered and put together the sponsorship agreement between El Grado and Dempsey Racing, as set forth herein.

30.     In exchange for, among others, brokering the sponsorship agreement between El Grado and Dempsey Racing, Plaintiff and Dempsey Racing entered into a contract that contained, among others, the following pertinent terms:

        a)     Dempsey Racing would pay Plaintiff 12% of the per case royalties that Dempsey Racing earned via its sponsorship agreement with El Grado;

        b)     Dempsey Racing would pay Plaintiff 12% of any money Plaintiff raised for Dempsey Racing, including the money Dempsey Racing made from the sponsorship agreement with El Grado.

31.     After entering into the agreement with Plaintiff, and utilizing Plaintiff's services as set forth herein, Dempsey Racing entered into a sponsorship agreement with El Grado.

32.     In accordance with their agreement with Plaintiff, Dempsey Racing made two (2) payments to Plaintiff. Subsequently, and despite their ongoing sponsorship deal with El Grado, Dempsey Racing breached the contract by failing to make any further payments and satisfy the terms listed above.

33.     Plaintiff has performed all the applicable terms and conditions of their contract, and remained ready and willing to perform any additional terms required under the agreement.

34.     As a result of Dempsey Racing's breach of contract, Plaintiff has sustained damages in an amount to be determined at trial.

35.     As a further result of Dempsey Racing's breach of contract, Plaintiff is entitled to recover its costs and attorney's fees incurred in commencing this action.

WHEREFORE, Plaintiff prays for judgment against Dempsey Racing, as follows:

A.     For damages in an amount to be determined at trial;

B.     For reasonable attorneys' fees incurred herein;

C.     For costs incurred herein;

D.     For interest on the taxable costs and attorneys' fees at the maximum rate allowed by law until paid; and

E.     For such other and further relief as the Court deems just and proper under the circumstances.

## THIRD CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing against all Defendants)

36.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-35 of this Complaint, as if fully set forth herein.

37.     Arizona law implies a covenant of good faith and fair dealing in all contracts and agreements entered into in this state.

38.     Defendants, and each of them, breached the covenant of good faith and fair dealing by failing to satisfy their responsibilities under their respective agreements with Plaintiff, despite utilizing Plaintiff's services in brokering the sponsorship agreement.

39.     As a result of Defendants' conduct, and each of them, as described herein, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A.     For damages in an amount to be determined at trial;

B.     For reasonable attorneys' fees incurred herein;

C.     For costs incurred herein;

D.     For interest on the taxable costs and attorneys' fees at the maximum rate allowed by law until paid; and

E.     For such other and further relief as the Court deems just and proper under the circumstances.

**FOURTH CAUSE OF ACTION**

(Fraud against all Defendants)

40.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-39 of this Complaint, as if fully set forth herein.

41.     Plaintiff is responsible for brokering the agreement for El Grado to sponsor the Dempsey Racing Team, as set forth herein.

42.     In exchange for their efforts in brokering and putting together the sponsorship deal between El Grado and Dempsey Racing, El Grado represented that they would pay Plaintiff the following:

i)     A per case royalty payment based on the following schedule:

1)     $3.00 for the first 500,000 cases sold;

2)     $2.25 for the second 500,000 cases sold;

8

1          3)      $1.50 for each case sold after the 1,000,000th case.

2          ii)     A lump sum payment in the amount of $3,000,000 or 3%, whichever
3    is greater, upon the sale of El Grado.

4          iii)    A monthly retainer of $4,000 for six (6) months from the contract
5    date, followed by a monthly retainer of $2,000 for the life of the contract, to establish and
6    maintain El Grado's web presence and online marketing and viral campaigns.

7          43.     El Grado further represented, among others, that their agreement with
8    Plaintiff would have an initial term through the year 2011, with annual renewal rights.
9    Royalties will be payable on a quarterly basis beginning with the initial case sold;

10          44.     In exchange for their efforts in brokering and putting together the
11   sponsorship deal between El Grado and Dempsey Racing, Dempsey Racing agreed to pay
12   Plaintiff the following:

13          a)      12% of the per case royalties that Dempsey Racing earned via
14   its sponsorship agreement with El Grado;

15          b)      12% of any money Plaintiff raised for Dempsey Racing,
16   including the money Dempsey Racing made from the sponsorship agreement with El
17   Grado.

18          45.     Over the course of the next six months, and based on their
19   agreements with El Grado and Dempsey Racing, as set forth above, Plaintiff directed
20   virtually all their resources to brokering a sponsorship deal between El Grado and
21   Dempsey Racing.

22          46.     In reliance on the representations made by El Grado and Dempsey
23   Racing, Plaintiff performed the following services: created a racing sponsorship website
24   and updated it on a regular basis, created graphics for the parties to market their products,
25   created marketing concepts, activated races and handled the planning and execution of
26   events, created and issued press releases, handled logistics for events, improved El
27   Grado's website, created a Dempsey Racing and El Grado social network, and assisted in
28   raising money for El Grado and Dempsey Racing.

9

47.     The representations described above were false when Defendants, and each of them made them, and Defendants, and each of them, knew they were false.

48.     Defendants, and each of them, made the representations described above with the intent and for the purpose of defrauding Plaintiff.

49.     In reasonable reliance of the false and fraudulent representations and promises described herein, and believing them to be true, Plaintiff expended significant time, effort, and resources in brokering and putting together the sponsorship deal, and executing events, for El Grado and Dempsey Racing.

50.     As a direct and proximate result of the conduct of Defendants, and each of them, as described herein, Plaintiff has suffered significant damages in an amount to be determined at trial.

51.     Defendants, and each of them, acted to serve their own interests, and with a conscious disregard of the interests of Plaintiff, thereby justifying the imposition of exemplary and punitive damages, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

    A.     For general damages in an amount to be determined at trial;

    B.     For punitive damages in an amount to be determined at trial;

    C.     For taxable costs incurred herein;

    D.     For interest on the taxable costs at the statutory rate of per annum until paid; and

    E.     For such other and further relief as the Court deems just and proper under the circumstances.

## FIFTH CAUSE OF ACTION

(Negligent Misrepresentations against all Defendants)

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-51 of this Complaint, as if fully set forth herein.

53.     Plaintiff is responsible for brokering the agreement for El Grado to sponsor the Dempsey Racing Team, as set forth herein.

54.     In exchange for their efforts in brokering and putting together the sponsorship deal between El Grado and Dempsey Racing, El Grado represented that they would pay Plaintiff the following:

    i)     A per case royalty payment based on the following schedule:

            1)     $3.00 for the first 500,000 cases sold;

            2)     $2.25 for the second 500,000 cases sold;

            3)     $1.50 for each case sold after the 1,000,000th case.

    ii)    A lump sum payment in the amount of $3,000,000 or 3%, whichever is greater, upon the sale of El Grado.

    iii)   A monthly retainer of $4,000 for six (6) months from the contract date, followed by a monthly retainer of $2,000 for the life of the contract, to establish and maintain El Grado's web presence and online marketing and viral campaigns.

55.     El Grado further represented, among others, that their agreement with Plaintiff would have an initial term through the year 2011, with annual renewal rights. Royalties will be payable on a quarterly basis beginning with the initial case sold;

56.     In exchange for their efforts in brokering and putting together the sponsorship deal between El Grado and Dempsey Racing, Dempsey Racing agreed to pay Plaintiff the following:

            a)     12% of the per case royalties that Dempsey Racing earned via its sponsorship agreement with El Grado;

            b)     12% of any money Plaintiff raised for Dempsey Racing, including the money Dempsey Racing made from the sponsorship agreement with El Grado.

57.     Over the course of the next six months, and based on their agreements with El Grado and Dempsey Racing, as set forth above, Plaintiff directed

1 virtually all their resources to brokering a sponsorship deal between El Grado and
2 Dempsey Racing.

3      58.    Defendants, and each of them, knew or should have known that the
4 representations described above were false when they made them.

5      59.    Defendants, and each of them, intended that Plaintiff rely on the
6 representations set forth herein, and Defendants made those representations for that
7 purpose.

8      60.    Defendants, and each of them, failed to exercise reasonable care or
9 competence in making representations to Plaintiff as set forth herein.

10      61.    Plaintiff justifiably relied on the representations made by Defendants,
11 and each of them, to Plaintiff's detriment.

12      62.    As a direct and proximate result of Defendants' misrepresentations,
13 and each of them, as described herein, Plaintiff has suffered significant damages in an
14 amount to be determined at trial.

15      63.    Defendants, and each of them, acted to serve their own interests, and
16 with a conscious disregard of the interests of Plaintiff, thereby justifying the imposition of
17 exemplary and punitive damages, in an amount to be determined at trial

18      WHEREFORE, Plaintiff prays for judgment against Defendants, and each
19 of them, as follows:

20      A.    For general damages in an amount to be determined at trial;
21      B.    For punitive damages in an amount to be determined at trial;
22      C.    For taxable costs incurred herein;
23      D.    For interest on the taxable costs at the statutory rate per annum
24 until paid; and
25      E.    For such other and further relief as the Court deems just and
26 proper under the circumstances.

27

28

12

1

**SIXTH CAUSE OF ACTION**

2

(Intentional Misrepresentations against all Defendants)

3      64.      Plaintiff incorporates by reference the allegations contained in

4      paragraphs 1-63 of this Complaint, as if fully set forth herein.

5      65.      Plaintiff is responsible for brokering the agreement for El Grado to

6      sponsor the Dempsey Racing Team, as set forth herein.

7      66.      In exchange for their efforts in brokering and putting together the

8      sponsorship deal between El Grado and Dempsey Racing, El Grado represented that they

9      would pay Plaintiff the following:

10            i)      A per case royalty payment based on the following schedule:

11                  1)      $3.00 for the first 500,000 cases sold;

12                  2)      $2.25 for the second 500,000 cases sold;

13                  3)      $1.50 for each case sold after the 1,000,000th case.

14            ii)      A lump sum payment in the amount of $3,000,000 or 3%, whichever

15      is greater, upon the sale of El Grado.

16            iii)      A monthly retainer of $4,000 for six (6) months from the contract

17      date, followed by a monthly retainer of $2,000 for the life of the contract, to establish and

18      maintain El Grado's web presence and online marketing and viral campaigns.

19      67.      El Grado further represented, among others, that their agreement with

20      Plaintiff would have an initial term through the year 2011, with annual renewal rights.

21      Royalties will be payable on a quarterly basis beginning with the initial case sold;

22      68.      In exchange for their efforts in brokering and putting together the

23      sponsorship deal between El Grado and Dempsey Racing, Dempsey Racing agreed to pay

24      Plaintiff the following:

25            a)      12% of the per case royalties that Dempsey Racing earned via

26      its sponsorship agreement with El Grado;

27

28

13

b)      12% of any money Plaintiff raised for Dempsey Racing, including the money Dempsey Racing made from the sponsorship agreement with El Grado.

69.     Over the course of the next six months, and based on their agreements with El Grado and Dempsey Racing, as set forth above, Plaintiff directed virtually all their resources to brokering a sponsorship deal between El Grado and Dempsey Racing.

70.     Defendants, and each of them, knew or should have known that the representations described above were false when Defendants made them.

71.     Defendants, and each of them, intentionally made false representations to Plaintiff, or omitted or failed to disclose material information to Plaintiff.

72.     Defendants, and each of them, intended that Plaintiff rely on the representations Defendants provided Plaintiff, and they made those representations for that purpose.

73.     Defendants, and each of them, failed to exercise reasonable care or competence in making the representations set forth herein, to Plaintiff.

74.     Plaintiff justifiably relied on the representations Defendants made, to their detriment.

75.     As a direct and proximate result of Defendants' representations, and each of them, as described above, Plaintiff has suffered significant damages in an amount to be determined at trial.

76.     Defendants, and each of them, acted to serve their own interests, and with a conscious disregard of the interests of Plaintiff, thereby justifying the imposition of exemplary and punitive damages, in an amount to be determined at trial

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A.      For general damages in an amount to be determined at trial;

14

B.      For punitive damages in an amount to be determined at trial;

C.      For taxable costs incurred herein;

D.      For interest on the taxable costs at the statutory rate per annum until paid; and

E.      For such other and further relief as the Court deems just and proper under the circumstances.

## SEVENTH CAUSE OF ACTION

(Conspiracy to Defraud against all Defendants)

77.     Plaintiff incorporates by reference paragraphs 1-76 of this Complaint as though fully set forth herein.

78.     Plaintiff is responsible for brokering the agreement for El Grado to sponsor the Dempsey Racing Team, as set forth herein.

79.     In exchange for their efforts in brokering and putting together the sponsorship deal between El Grado and Dempsey Racing, El Grado represented that they would pay Plaintiff the following:

    i)      A per case royalty payment based on the following schedule:

        1)      $3.00 for the first 500,000 cases sold;

        2)      $2.25 for the second 500,000 cases sold;

        3)      $1.50 for each case sold after the 1,000,000th case.

    ii)     A lump sum payment in the amount of $3,000,000 or 3%, whichever is greater, upon the sale of El Grado.

    iii)    A monthly retainer of $4,000 for six (6) months from the contract date, followed by a monthly retainer of $2,000 for the life of the contract, to establish and maintain El Grado's web presence and online marketing and viral campaigns.

80.     El Grado further represented, among others, that their agreement with Plaintiff would have an initial term through the year 2011, with annual renewal rights. Royalties will be payable on a quarterly basis beginning with the initial case sold;

81.    In exchange for their efforts in brokering and putting together the sponsorship deal between El Grado and Dempsey Racing, Dempsey Racing agreed to pay Plaintiff the following:

a)    12% of the per case royalties that Dempsey Racing earned via its sponsorship agreement with El Grado;

b)    12% of any money Plaintiff raised for Dempsey Racing, including the money Dempsey Racing made from the sponsorship agreement with El Grado.

82.    Over the course of the next six months, and based on their agreements with El Grado and Dempsey Racing, as set forth above, Plaintiff directed virtually all their resources to brokering a sponsorship deal between El Grado and Dempsey Racing.

83.    Plaintiff is informed, believes, and thereon alleges that prior to entering into the agreements with Plaintiff as set forth herein, Defendants, and each of them, conspired to mislead and deceive Plaintiff and to cut Plaintiff out of their sponsorship agreement.

84.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, secretly understood and agreed that they would utilize Plaintiff's efforts in brokering and putting together the sponsorship deal, and then cut Plaintiff out of the agreement altogether. Statements and representations made by Defendants, and each of them, were made solely for the purpose of deceiving Plaintiff and inducing Plaintiff to invest their time, money, effort, and resources into brokering and putting together a sponsorship deal.

85.    Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, knew their representations were false when they made them, yet they made such representations for the purpose of deceiving Plaintiff into brokering the sponsorship agreement, when Defendants, and each of them, had no intention of honoring their contractual responsibilities to Plaintiff.

16

86.     As a result of the conspiracy among Defendants to defraud Plaintiff, Plaintiff has suffered damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A.     For general damages in an amount to be determined at trial;

B.     For punitive damages in an amount to be determined at trial;

C.     For taxable costs incurred herein;

D.     For interest on the taxable costs at the statutory rate of per annum until paid; and

E.     For such other and further relief as the Court deems just and proper under the circumstances.

## **EIGHTH CAUSE OF ACTION**

(Intentional Interference with Contract against El Grado)

87.     Plaintiff incorporates by reference paragraphs 1-86 of this Complaint as though fully set forth herein.

88.     Plaintiff had a contract with Dempsey Racing, as set forth herein.

89.     El Grado knew of the existence of Plaintiff's contract with Dempsey Racing.

90.     In or about May of 2009, and despite their agreement with Plaintiff that Plaintiff would be the sole marketing and promotional agency for the sponsorship agreement, El Grado brought several other marketing and advertising firms to a race held at Laguna Seca, in Salinas, California. El Grado did so in an effort to introduce Dempsey Racing to other marketing agencies, and in interference with Plaintiff's contract with Dempsey Racing.

91.     As a result of El Grado's actions, as set forth herein, Dempsey Racing failed to honor, and continues their refusal to honor their contractual agreement with Plaintiff.

92.   In committing the acts set forth herein, El Grado was without legitimate cause or justification, was motivated solely by their own monetary gain, and with the willful intent to injure Plaintiff, thereby justifying the imposition of punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For general damages in an amount to be determined at trial;

2.   For punitive damages in an amount to be determined at trial;

3.   For interest at the statutory rate per annum;

4.   For taxable costs incurred herein; and

5.   For such other and further relief as the Court deems just and proper under the circumstances.

## NINTH CAUSE OF ACTION

(Intentional Interference with Prospective Business Relations Contract against El Grado)

93.   Plaintiff incorporates by reference paragraphs 1-92 of this Complaint as though fully set forth herein.

94.   Plaintiff had a business relationship with Dempsey Racing and the reasonable expectation of a continued business relationship with Dempsey Racing.

95.   El Grado knew about this business relationship and, as set forth herein, intentionally and unjustifiably interfered with it by bringing several marketing and advertising firms to a race held at Laguna Seca, in Salinas, California. El Grado, in an effort to introduce Dempsey Racing to other agencies, to the exclusion of Plaintiff.

96.   As a direct result of El Grado's interference, as set forth herein, Dempsey Racing breached its contract and terminated its business relationship with Plaintiff.

97.   In committing the acts set forth above, El Grado was without legitimate cause or justification, was motivated solely by their own monetary gain, and

1    with the willful intent to injure Plaintiff, thereby justifying the imposition of punitive

2    damages in an amount to be determined at trial.

3        WHEREFORE, Plaintiff prays for judgment against El Grado, as  follows:

4            1.    For general damages in an amount to be determined at trial;

5            2.    For punitive damages in an amount to be determined at trial;

6            3.    For interest at the statutory rate per annum;

7            4.    For taxable costs incurred herein; and

8            5.    For such other and further relief as the Court deems just and

9    proper under the circumstances.

10                    **TENTH CAUSE OF ACTION**

11                    (Unjust Enrichment against all Defendants)

12        98.    Plaintiff incorporates by reference the allegations contained in

13    paragraphs 1-97 of this Complaint, as if fully set forth herein.

14        99.    Plaintiff expended significant time, effort, money and resources in

15    brokering the sponsorship agreement between El Grado and Dempsey Racing. Plaintiff

16    was promised, and had the expectation of receiving significant compensation in return for

17    their services.

18        100.    Defendants, and each of them, have accepted, and acknowledged

19    Plaintiff's significant services, and have received and obtained significant benefits from

20    Plaintiff's services.

21        101.    It would be inequitable and unconscionable for Defendants to enjoy

22    and benefit from Plaintiff's services without compensating Plaintiff.

23        WHEREFORE, Plaintiff prays for judgment against Defendants, and each

24    of them, as follows:

25            A.    For the reasonable value of their services in an amount to be

26    determined at trial;

27            B.    For their reasonable attorneys' fees incurred herein;

28            C.    For their taxable costs incurred herein;

D.     For interest on the taxable costs and attorneys' fees at the maximum rate allowed by law until paid; and

E.     For such other and further relief as the Court deems just and proper under the circumstances.


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues herein.


RESPECTFULLY SUBMITTED this 9th day of April, 2010.

LAW OFFICES OF SHAYE MANN, PLLC


By _____//S//_____
Shaye Mann
1212 E. Osborn Road, Suite 111
Phoenix, Arizona  85014
*Attorney for Plaintiff*