Maria Crimi Speth (012574)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Email: *mcs@jaburgwilk.com*

Attorneys for Defendant
DEMPSEY RACING, LLC
(Incorrectly named as
Hyper Sports, L.L.C. d/b/a Patrick Dempsey Racing)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| E-IMAGE AGENCY, L.L.C., an Arizona Limited Liability,<br><br>Plaintiff<br><br>v.<br><br>HYPER SPORTS, L.L.C., a Georgia Limited Liability Corporation doing business as PATRICK DEMPSEY RACING; EL GRADO SPIRITS, L.L.C., a Texas Limited Liability Corporation,<br><br>Defendants. | Case No. 2:10-cv-00793-DGC<br><br>**ANSWER OF DEFENDANT HYPER SPORTS, LLC, D/B/A PATRICK DEMPSEY RACING, TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Hon. David G. Campbell |

Defendant Dempsey Racing LLC, (incorrectly named in the Complaint as Hyper Sports, L.L.C. d/b/a Patrick Dempsey Racing) ("Dempsey Racing"), on behalf of itself and no other defendant, answers the Complaint of Plaintiff E Image Agency, LLC ("Plaintiff") herein as follows.

1. Answering Paragraph 1 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

2. Answering Paragraph 2 of Plaintiff's Complaint, Dempsey Racing admits that it has its principal place of business in Norcross, Georgia.

15310-1/MCS/MCS/804420_v1

3. Answering Paragraph 3 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

4. Answering Paragraph 4 of Plaintiff's Complaint, Dempsey Racing admits that the issues of law and fact in this action are wholly between the citizens of different states. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

5. Answering Paragraph 5 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

6. Answering Paragraph 6 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

7. Answering Paragraph 7 of Plaintiff's Complaint, Dempsey Racing admits the allegations contained in said Paragraph.

8. Answering Paragraph 8 of Plaintiff's Complaint, Dempsey Racing denies that it requested Plaintiff to actively seek potential sponsors for Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

9. Answering Paragraph 9 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

10. Answering Paragraph 10 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

11. Answering Paragraph 11 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

12. Answering Paragraph 12 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

13. Answering Paragraph 13 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15310-1/MCS/MCS/804420_v1

as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

14. Answering Paragraph 14 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

15. Answering Paragraph 15 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

16. Answering Paragraph 16 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

17. Answering Paragraph 17 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing alleged in said Paragraph.

18. Answering Paragraph 18 of Plaintiff's Complaint, Dempsey Racing admits that it has made Plaintiff two (2) payments totaling less than $20,000. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

19. Answering Paragraph 19 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

20. Paragraphs 20-27 purport to support a claim for breach of contract against El Grado only. However, to the extent any of the allegations contained in Paragraphs 20-27 implicate Dempsey Racing, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19 of this Answer.

21. Answering Paragraph 28 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19 of this Answer.

22. Answering Paragraph 29 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15310-1/MCS/MCS/804420_v1

23. Answering Paragraph 30 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

24. Answering Paragraph 31 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

25. Answering Paragraph 32 of Plaintiff's Complaint, Dempsey Racing admits that it made two (2) payments to Plaintiff. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

26. Answering Paragraph 33 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation contained in said Paragraph.

27. Answering Paragraph 34 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation contained in said Paragraph.

28. Answering Paragraph 35 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation contained in said Paragraph.

29. Answering Paragraph 36 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19 and 22 through 28 of this Answer.

30. Dempsey Racing does not admit or deny the allegations contained in Paragraph 37 as the Paragraph contains only a statement of law.

31. Answering Paragraph 38 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation made against Dempsey Racing in said Paragraph.

32. Answering Paragraph 39 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15310-1/MCS/MCS/804420_v1

33. Answering Paragraph 40 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19, 22 through 28 and 31 through 32 of this Answer.

34. Answering Paragraph 41 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

35. Answering Paragraph 42 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

36. Answering Paragraph 43 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

37. Answering Paragraph 44 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

38. Answering Paragraph 45 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

39. Answering Paragraph 46 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny each and every allegation against Dempsey Racing in said Paragraph.

40. Answering Paragraph 47 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

41. Answering Paragraph 48 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

42. Answering Paragraph 49 of Plaintiff's Complaint, Dempsey Racing denies that it made any false or fraudulent representations of promises to Plaintiff. Except as so

5

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15310-1/MCS/MCS/804420_v1

stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations of said Paragraph.

43. Answering Paragraph 50 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

44. Answering Paragraph 51 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

45. Answering Paragraph 52 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19, 22 through 28, 31 through 32 and 34 through 44 of this Answer.

46. Answering Paragraph 53 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

47. Answering Paragraph 54 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

48. Answering Paragraph 55 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

49. Answering Paragraph 56 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

50. Answering Paragraph 57 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

51. Answering Paragraph 58 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

6

52. Answering Paragraph 59 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

53. Answering Paragraph 60 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

54. Answering Paragraph 61 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

55. Answering Paragraph 62 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

56. Answering Paragraph 63 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

57. Answering Paragraph 64 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in 1 through 19, 22 through 28, 31 through 32, 34 through 44, and 46 through 56 of this Answer.

58. Answering Paragraph 65 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation in said Paragraph.

59. Answering Paragraph 66 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

60. Answering Paragraph 67 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

61. Answering Paragraph 68 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

62. Answering Paragraph 69 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

7

63. Answering Paragraph 70 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

64. Answering Paragraph 71 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

65. Answering Paragraph 72 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

66. Answering Paragraph 73 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

67. Answering Paragraph 74 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

68. Answering Paragraph 75 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

69. Answering Paragraph 76 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

70. Answering Paragraph 77 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in 1 through 19, 22 through 28, 31 through 32 and 34 through 44, 46 through 56, and 58 through 69 of this Answer.

71. Answering Paragraph 78 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

72. Answering Paragraph 79 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

73. Answering Paragraph 80 of Plaintiff's Complaint, Dempsey Racing lacks information or belief sufficient to admit or deny these allegations.

74. Answering Paragraph 81 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except

as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

75.  Answering Paragraph 82 of Plaintiff's Complaint, Dempsey Racing denies that E Image "brokered" a sponsorship deal between El Grado and Dempsey Racing. Except as so stated, Dempsey Racing lacks information or belief sufficient to admit or deny the allegations in said Paragraph.

76.  Answering Paragraph 83 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation in said Paragraph.

77.  Answering Paragraph 84 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation in said Paragraph.

78.  Answering Paragraph 85 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation in said Paragraph.

79.  Answering Paragraph 86 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation in said Paragraph.

80.  Paragraphs 87-92 purport to support a claim for interference with contract against El Grado only. However, to the extent any of the allegations contained in Paragraphs 87-92 implicate Dempsey Racing, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19, 22 through 28, 31 through 32, 34 through 44, 46 through 56, 58 through 69, and 71 through 79 of this Answer.

81.  Paragraphs 93-97 purport to support a claim for interference with prospective business relations contract against El Grado only. However, to the extent any of the allegations contained in Paragraphs 93-97 implicate Dempsey Racing, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19, 22 through 28, 31 through 32, 34 through 44, 46 through 56, 58 through 69, and 71 through 79 of this Answer.

82.  Answering Paragraph 98 of Plaintiff's Complaint, Dempsey Racing repeats and realleges each of its responses contained in Paragraphs 1 through 19, 22 through 28,

15310-1/MCS/MCS/804420_v1

31 through 32, 34 through 44, 46 through 56, 58 through 69, and 71 through 79 of this Answer.

83. Answering Paragraph 99 of Plaintiff's Complaint, Dempsey Racing admits that it agreed to pay Plaintiff 12% of the sponsorship funds provided by El Grado. Except as so admitted, Dempsey Racing denies each and every allegation contained in said Paragraph.

84. Answering Paragraph 100 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

85. Answering Paragraph 101 of Plaintiff's Complaint, Dempsey Racing denies each and every allegation against Dempsey Racing in said Paragraph.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

86. Plaintiff has failed to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

87. Plaintiff is guilty of unclean hands with regard to some or all of the matters at issue and is therefore barred from seeking the requested relief.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

88. Plaintiff is estopped from obtaining the relief it seeks.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

89. Plaintiff has waived all or part of any right to obtain the relief that it seeks.

## FIFTH AFFIRMATIVE DEFENSE
### (Ratification)

10

15310-1/MCS/MCS/804420_v1

90. Plaintiff has, in whole or in part, ratified, acquiesced in, condoned, and/or approved of the acts or omissions about which Plaintiff now complains.

### SIXTH AFFIRMATIVE DEFENSE
### (Good Faith)

91. Plaintiff's claims for relief are each barred in whole or in part because any conduct allegedly engaged in by Dempsey Racing was undertaken in good faith and/or with good cause.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

92. Plaintiff is not entitled to the relief sought in the Complaint, and granting Plaintiff such relief would constitute unjust enrichment because the granting of such relief would unjustly enrich Plaintiff and unjustly impose a loss on Dempsey Racing.

### EIGHTH AFFIRMATIVE DEFENSE
### (Reasonable Justification)

93. If and to the extent any of the alleged wrongful acts set forth in the Complaint occurred, any and all such acts were reasonably justified.

### NINTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

94. Plaintiff's claims are each barred in whole or in part because the alleged contract with Dempsey Racing violates the statute of frauds.

### TENTH AFFIRMATIVE DEFENSE
### (No Damages)

95. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages as a result of the alleged actions of Dempsey Racing.

///

///

///

15310-1/MCS/MCS/804420_v1

## ELEVENTH AFFIRMATIVE DEFENSE

### (Satisfaction)

96. Dempsey Racing has satisfied all of its legal obligations to Plaintiff, if any, including obligations sounding in, without limitation, contract.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

97. Dempsey Racing is not liable for any of the purported damages alleged in the Complaint for the reason that Plaintiff failed to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Payment)

98. Dempsey Racing is not liable for any of the purported damages alleged in the Complaint for the reason that any amounts arguably owed to Plaintiff by Dempsey Racing have been paid or tendered to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Sponsorship Agreement Between Dempsey Racing and El Grado)

99. Plaintiff's claims are barred, in whole or in part, because Dempsey Racing never entered into the alleged 2009-2011 sponsorship agreement with El Grado.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Termination)

100. Plaintiff's claims are barred, in whole or in part, because Dempsey Racing terminated its agreement with Plaintiff because Plaintiff's work was unsatisfactory.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

101. The amount in controversy does not exceed $75,000.

///

///

///

15310-1/MCS/MCS/804420_v1

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

102. Dempsey Racing presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Dempsey Racing therefore expressly and specifically reserves the right to amend this Answer to add, delete and/or modify affirmative defenses based on legal theories, facts and circumstances, which may be or will be divulged through discovery and/or through legal analysis of Dempsey Racing in this litigation.

### PRAYER

WHEREFORE, Dempsey Racing prays for judgment against Plaintiff as follows:

1. That judgment be entered in favor of Dempsey Racing and against Plaintiff;

2. That Plaintiff take nothing by reason of its Complaint;

3. For pre- and post-award interest;

4. For attorneys fees and costs of suit herein; and

5. For other such and further relief as the Court deems just and proper.

DATED: May 24, 2010.                              JABURG & WILK, P.C.


 /s/ Maria Crimi Speth
Maria Crimi Speth
Attorneys for Defendant
DEMPSEY RACING, LLC
(Incorrectly named as
Hyper Sports, L.L.C. d/b/a Patrick Dempsey Racing)

///

///

///

15310-1/MCS/MCS/804420_v1

**DEMAND FOR JURY TRIAL**

Dempsey Racing hereby reserves its right to a trial by jury on all issues so triable.

DATED: May 24, 2010.                          JABURG & WILK, P.C.


     /s/ Maria Crimi Speth
Maria Crimi Speth
Attorneys for Defendant
DEMPSEY RACING, LLC
(Incorrectly named as
Hyper Sports, L.L.C. d/b/a Patrick Dempsey Racing)

*Certificate of Service*

I hereby certify that on May 24th 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Shaye Mann
Law Offices of Shaye Mann, PLLC
1212 East Osborn Road
Suite 111
Phoenix, Arizona 85014
shaye@mannazlaw.com

Attorneys for Plaintiff


    L. Matlack

15310-1/MCS/MCS/804420_v1