# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| E Image Agency, LLC, | ) | No. CV 10 - 793 -PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **CASE MANAGEMENT ORDER** |
| Hyper Sports LLC, et al, | ) | |
| Defendants. | ) | |

On July 14, 2010, a Case Management Conference was held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The parties met before the conference in accordance with Rule 26(f) and prepared a joint case management report. On the basis of the Case Management Conference and the joint report,

**IT IS HEREBY ORDERED:**

1.  Deadline for Initial Disclosures. Initial disclosures required by Federal Rule of Civil Procedure 26(a) have been exchanged.

2.  Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3.  Discovery Limitations. Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure. Each side may propound up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

1     4. <u>Deadline for Completion of Fact Discovery</u>. The deadline for completing fact discovery, including discovery by subpoena, shall be **January 28, 2011**. To ensure compliance with this deadline, the following rules shall apply:

    a. Depositions: All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

    c. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

    5. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

    a. Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **November 4, 2010**.

    b. Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 3, 2010**.

    c. Rebuttal expert disclosures, if any, shall be made no later than **December 31, 2010**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    d. Expert depositions shall be completed no later than **January 28, 2011**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

    e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide

1  expert testimony in this case, but who will provide testimony under Federal Rules of
2  Evidence 702, 703, or 705.  A Rule 26(a)(2)(B) report is required for any opinion of such
3  witnesses that was not developed in the course of their treatment or other factual involvement
4  in this case.

5  　　　　　f.　　As stated in the Advisory Committee Notes to Rule 26 (1993
6  Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony
7  the witness is expected to present during direct examination, together with the reasons
8  therefore."  Full and complete disclosures of such testimony are required on the dates set
9  forth above; absent truly extraordinary circumstances, parties will not be permitted to
10 supplement their expert reports after these dates.

11 　　　　　g.　　Each side shall be limited to one retained or specially employed expert
12 witness per issue.

13 　　　　6.　　Discovery Disputes.

14 　　　　　a.　　The parties shall not file written discovery motions without leave of
15 Court.[1]  If a discovery dispute arises, the parties promptly shall contact the Court to request
16 a telephone conference concerning the dispute.  The Court will seek to resolve the dispute
17 during the telephone conference, and may enter appropriate orders on the basis of the
18 telephone conference.  The Court may order written briefing if it does not resolve the dispute
19 during the telephone conference.

20 　　　　　b.　　Parties shall not contact the Court concerning a discovery dispute
21 without first seeking to resolve the matter through personal consultation and sincere effort
22 as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the Court shall
23 also comply with Local Rule of Civil Procedure 7.2(j).

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

1          c.      Absent extraordinary circumstances, the Court will not entertain fact
2  discovery disputes after the deadline for completion of fact discovery, and will not entertain
3  expert discovery disputes after the deadline for completion of expert discovery.

4         7.     <u>Deadline for Filing Dispositive Motions</u>.

5          a.      Dispositive motions shall be filed no later than **February 25, 2011**.
6  Such motions must comply in all respects with the Federal Rules of Civil Procedure and the
7  Local Rules.

8          b.      No party shall file more than one motion for summary judgment under
9  Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint
10 telephone call, from the Court.

11         c.      Failure to respond to a motion within the time periods provided in Local
12 Rule of Civil Procedure 7.2 will be deemed a consent to the denial or granting of the motion
13 and the Court may dispose of the motion summarily pursuant to Local Rule of Civil
14 Procedure 7.2(i).

15         d.      The parties shall not notice oral argument on any motion.  Instead, a
16 party desiring oral argument shall place the words "Oral Argument Requested" immediately
17 below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f).  The Court will
18 issue an order scheduling oral argument as it deems appropriate.

19        8.     <u>Deadline for Engaging in Good Faith Settlement Talks</u>.  All parties and their
20 counsel shall meet in person and engage in good faith settlement talks no later than
21 **October 15, 2010**.  Upon completion of such settlement talks, and in no event later than five
22 working days after the deadline set forth in the preceding sentence, the parties shall file with
23 the Court a joint report on settlement talks executed by or on behalf of all counsel.  The
24 report shall inform the Court that good faith settlement talks have been held and shall report
25 on the outcome of such talks.  The parties shall indicate whether assistance from the Court
26 is needed in seeking settlement of the case.  The parties shall promptly notify the Court at
27 any time when settlement is reached during the course of this litigation.

28

    9.    <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

DATED this 19th day of July, 2010.

*[signature]*

David G. Campbell
United States District Judge